J-S20010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH PERALTA, | : | |
| | : | |
| Appellant | : | No. 710 MDA 2017 |

Appeal from the PCRA Order entered March 13, 2017,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0004271-2011.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 31, 2018**

Kenneth Peralta appeals from the order denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate the PCRA court's order and remand this case with instructions.

The pertinent facts are easily summarized as follows:  On September 17, 2012, Peralta pled guilty to attempted homicide, robbery, two firearm violations, and retail theft after he shot a loss prevention officer while trying to flee a local grocery store with stolen items.  On November 19, 2012, the trial court sentenced him to an aggregate term of 35 to 70 years of imprisonment.  Peralta filed a timely appeal to this Court following the denial of his post-sentence motion, and we affirmed his judgment of sentence in an

unpublished memorandum filed on October 31, 2013. ***Commonwealth v. Peralta***, No. 154 MDA 2013.

The procedural history that follows is not as simple, and requires a detailed recitation:  On June 16, 2014, Peralta filed a *pro se* PCRA petition in which he raised claims of ineffective assistance of plea counsel in connection with the entry of his guilty plea.  On July 25, 2014, the PCRA court appointed R. Russell Pugh, Esquire to assist Peralta.  On September 19, 2014, Attorney Pugh filed an amended petition on Peralta's behalf.  Rather than raising ineffectiveness claims, the amended petition raised only a claim that Peralta's aggregate sentence was illegal in light of the ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013), and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014).

By agreement of the parties, the PCRA court, on October 20, 2014, stayed Peralta's PCRA petition pending the Pennsylvania Supreme Court's decision in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015).  On June 5, 2015, our Supreme Court in ***Hopkins*** held that the procedure for imposing a two-year mandatory minimum sentence for certain drug offenses committed within 1,000 feet of a school, 18 Pa.C.S.A. § 6317, was unconstitutional in light of ***Alleyne***, and that these provisions were not severable from the remainder of the statute, thereby rendering the entire statute involving mandatory minimum sentences unconstitutional.  ***See id.***

On June 22, 2015, the Commonwealth filed a response to Peralta's amended PCRA in which it averred that Peralta's aggregate sentence did not include a mandatory minimum sentence.  On September 9, 2015, the PCRA

court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Peralta's amended petition without a hearing.[1]

Although still represented by Attorney Pugh, on October 19, 2015, Peralta filed a *pro se* motion for extension of time in which to respond to the court's Rule 907 notice. Attached as an exhibit was a September 18, 2015, in which Attorney Pugh informed Peralta that his aggregate sentence was not illegal, because the trial court sentenced him to a higher minimum sentence at the applicable counts than the now unconstitutional five-year mandatory minimum. In this letter, Attorney Pugh stated that he would file the appeal, but told Peralta he would also be filing a "motion to withdraw as your attorney per the **Turner/Friend** line of cases. You will be free to make whatever arguments you wish to the Superior Court." Letter, 10/19/15 at 1.

Although Attorney Pugh remained counsel of record, the trial court, by order entered October 30, 2015, granted Peralta an additional thirty days to file his Rule 907 *pro se* response. On December 7, 2015, Peralta filed another PCRA petition in which he raised multiple claims of plea counsel's ineffectiveness and, referring to Attorney Pugh's letter, requested that Attorney Pugh withdraw from the case.

By order entered December 9, 2015, the PCRA court referred Peralta's filing, which the court characterized as an amended petition, to Attorney Pugh,

_____

[1] According to this notice, "[b]oth parties agreed that a hearing on the amended petition was unnecessary, and the issue was submitted to the Court for a decision." Rule 907 Notice, 9/9/15, at 4.

"for whatever action is deemed appropriate." On December 11, 2015, Peralta filed a *pro se* objections/response to the PCRA court's Rule 907 notice. In his response, Peralta reiterated that in his second PCRA petition, he had asserted Attorney Pugh's ineffective assistance in that Attorney Pugh waived his original claims of plea counsel's ineffectiveness that were raised in the original *pro se* PCRA petition, and in failing to request an evidentiary hearing. In addition, Peralta again requested Attorney Pugh's removal as PCRA counsel.[2] There is no indication in the record that this letter was forwarded to Attorney Pugh.

In a letter to the PCRA court dated December 15, 2015, a copy of which was sent to Peralta and the Commonwealth, Attorney Pugh addressed the two "new" ineffectiveness claims involving appellate and plea counsel that Peralta wished to raise and explained why they were without merit. In concluding, Attorney Pugh informed the court that he "can find no grounds to further amend [Peralta's] Amended PCRA, nor to file anything else, as a consequence of his most recent pro se petition." Letter, 12/15/15, at 1-2. After this correspondence, a conflict of interest arose in the Lancaster Court of Common Pleas due to Peralta's plea counsel being elected to the bench. Because of this conflict, [Peralta's] case was transferred to the Montgomery County Court of Common Pleas.

---

[2] Peralta also addressed the purported illegality of his sentence, and requested that his second PCRA petition to be incorporated in his response.

On January 27, 2016, Peralta filed a "Follow Up on the Objections to the 907 Notice filed 9/9/15." In this document, he once again reminded the PCRA court that he had previously raised Attorney Pugh's ineffectiveness for abandoning the claims of plea counsel's ineffectiveness that he had raised in his original *pro se* PCRA petition. In closing, Peralta requested "that new counsel be appointed to present all issues raised in [my] initial PCRA and [my] objections to Rule 907 notice." Follow Up, 1/27/16, at 2.

On March 13, 2017, the Honorable Arthur R. Tilson, Senior Judge, entered the following order:

> After a review of the record, none of the claims put forth by [Peralta] contain merit. Therefore, [Peralta's] PCRA Petition is dismissed without a hearing for the reasons stated by the Court in the 907 Notice dated [September 9, 2015]. If [Peralta] intends to appeal this dismissal to the Superior Court, he must do so *pro se* or with privately retained counsel, and he must do so within thirty (30) days of this Order.

Order, 3/13/17, at 2. Referencing the above order, Attorney Pugh filed a motion to withdraw as counsel on March 18, 2017. The PCRA court granted Attorney Pugh's motion on March 27, 2017.[3] This timely, *pro se* appeal follows. Both Peralta and the PCRA court have complied with Pa.R.A.P. 1925.

Within his *pro se* brief, Peralta raises two issues, including a claim that the PCRA Court violated Pa.R.Crim.P. 904(C) by allowing Attorney Pugh to

---

[3] The certified record also includes an April 5, 2017, praecipe filed by Attorney Pugh to withdraw his appearance as Peralta's attorney.

withdraw. We agree. Given the above summation of the procedural history of this case, Peralta has effectively been denied his rule-based right to counsel throughout the litigation of his PCRA petition and on appeal. *See* Pa.R.Crim.P. 904(C) (stating that, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief.") *See also Commonwealth v. Smith*, 121 A.3d 1049, 1053 (Pa. Super. 2015) (explaining that, "[t]he rule based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition") (citations omitted). Moreover, it is well-settled that "once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." *Commonwealth v. Willis*, 29 A.3d 393, 397 (Pa. Super. 2011) (citations omitted).

Here, although as early as September 2015 Attorney Pugh informed Peralta that he would be filing a motion to withdraw pursuant to the "*Turner*/*Friend*" line of cases, he never did so. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Attorney Pugh's December 15, 2015 letter to the PCRA court, which did not address Peralta's claim regarding Pugh's ineffectiveness for abandoning his claims of plea counsel's ineffectiveness, clearly did not satisfy the *Turner*/*Finley* requirements, *see id.*, and nowhere

in the letter does Attorney Pugh request to withdraw. Instead, Attorney Pugh filed a motion to withdraw only after the PCRA court entered its March 13, 2017 order denying Peralta's petition. In addition, Attorney Pugh never filed an appeal on Peralta's behalf, but rather, Peralta filed a *pro se* notice of appeal as instructed in the March 13, 2017 order.

Consequently, we are compelled to vacate the PCRA Court's March 13, 2017 order denying Peralta's petition, and remand for the PCRA court to appoint new counsel to assist him in litigating the claims of plea counsel's ineffectiveness as originally raised by Peralta. By doing so, we express no opinion as to the merit of these claims.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judge Ott joins this Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/31/18