J-S39032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMETT M. LOCKHART, | : | |
| | : | |
| Appellant | : | No. 329 MDA 2018 |

Appeal from the PCRA Order January 11, 2018
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s):  CP-21-CR-0001591-2000

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 25, 2018**

Emmett M. Lockhart ("Lockhart") appeals, *pro se*, from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following a jury trial, Lockhart was convicted of various crimes, including murder of the first degree.  The trial court sentenced Lockhart to an aggregate term of life in prison.  On October 7, 2003, this Court affirmed Lockhart's judgment of sentence, and on August 1, 2005, the Pennsylvania Supreme Court denied Lockhart's Petition for allowance of appeal.  **See Commonwealth v. Lockhart**, 839 A.2d 1157 (Pa. Super. 2003) (unpublished memorandum), **appeal denied**, 880 A.2d 1237 (Pa. 2005).[1]

---

[1] After Lockhart filed his first *pro se* PCRA Petition, the PCRA court subsequently granted Lockhart leave to file a petition for allowance of appeal *nunc pro tunc*, from this Court's October 7, 2003 Order.

On May 18, 2014, Lockhart filed a *pro se* PCRA Petition arguing that he had recently discovered exculpatory evidence, which was not available at the time of trial, that would have changed the outcome of his case had it been presented at trial. Following an evidentiary hearing, the PCRA court dismissed Lockhart's Petition on December 18, 2014. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied Lockhart's Petition for allowance of appeal. **See Commonwealth v. Lockhart**, 135 A.3d 651 (Pa. Super. 2015) (unpublished memorandum), **appeal denied**, 138 A.3d 3 (Pa. 2016).

On May 15, 2017, Lockhart filed a Motion for Reconsideration of the PCRA court's December 18, 2014 Order. The PCRA court treated the Motion as a new PCRA Petition, and subsequently filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On November 8, 2017, Lockhart filed a "Motion to Amend PCRA Petition," which the PCRA court treated as an amended PCRA Petition. On December 13, 2017, the PCRA court filed a second Pa.R.Crim.P. 907 Notice of Intent to Dismiss, and subsequently dismissed Lockhart's Petition on January 11, 2018. On February 15, 2018, Lockhart filed a Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Before addressing the merits of Lockhart's argument, we first must determine whether Lockhart's Notice of Appeal was timely filed.[2] **See**

---

[2] On May 7, 2018, this Court issued a Rule to Show Cause why Lockhart's appeal should not be quashed as untimely filed. On May 24, 2018, following a Response from Lockhart, the issue was referred to the merits panel.

*Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (2011) *(*stating that "the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*."); *see also Commonwealth v. Williams*, 29 A.3d 393, 395 (Pa. Super. 2011) (recognizing that the timeliness of the notice of appeal implicates the jurisdiction of this Court). The Pennsylvania Rules of Appellate Procedure provide that "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The date of entry of an order is the date that the clerk of courts mails or delivers a copy of the order to the parties, or makes such copies public. Pa.R.A.P. 108(a)(1). This Court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b).

> Pursuant to Rule 121(a),
>
> [a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, **as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.**

Pa.R.A.P. 121(a) (emphasis added).

Our review of the record discloses that the PCRA court mailed its Order denying relief to Lockhart on January 12, 2018. Therefore, Lockhart was

required to file his Notice of Appeal on or before February 12, 2018.[3] **See** Pa.R.A.P. 903(a). Lockhart's Certificate of Service, wherein he attests that he deposited his Notice of Appeal with the prison mailing system, is dated January 28, 2018. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that an "affidavit attesting to the date of deposit with the prison officials" is reasonably verifiable evidence of the date the prisoner deposited his filing with prison authorities). Thus, Lockhart timely filed his Notice of appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's

---

[3] Thirty days from January 12, 2018, is Sunday, February 11, 2018. **See** 1 Pa.C.S.A. § 1908 (stating that when the last day of any period of time falls on a Saturday or a Sunday, "such day shall be omitted from the computation.").

- 4 -

timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Lockhart's judgment of sentence became final on October 31, 2005, when the time to file a petition for allowance of appeal with the United States Supreme Court expired. **See** SUP. CT. R. 13. Thus, Lockhart had until October 31, 2006, to file a timely PCRA Petition. **See** 42 Pa.C.S.A. § 9545(b). The current Petition, which he filed on May 15, 2017, is thus facially untimely. **Id.**

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Here, Lockhart purports to invoke the newly-recognized constitutional right exception on the basis of **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) (holding that *pro se* PCRA petitioners, who are in prison, cannot be presumed to know information that is public record for the purpose of determining whether a fact is unknown under the exception at section 9545(b)(1)(ii)). **See** Brief for Appellant at 16-17, 24-25.[4] Lockhart attempts

---

[4] We note that Lockhart's five questions presented for our review all essentially invoke **Burton**.

- 5 -

to revive his newly-discovered fact claim from his prior PCRA Petition in light of **Burton**.

**Burton** does not establish the newly-discovered constitutional right exception, as **Burton** did not apply a newly-recognized constitutional right retroactively. Indeed, **Burton** merely interpreted the public record presumption and how it applies to a *pro se* PCRA petitioner in prison. Thus, Lockhart's claim fails to establish the PCRA's timeliness exception.

To the extent Lockhart invokes the newly-discovered fact exception in invoking **Burton**, we note that a court decision is not a "new fact." **Commonwealth v. Kretchmar**, 189 A.3d 459, 467 (Pa. Super. 2018). Moreover, **Burton's** holding regarding the public record presumption, *i.e.*, that a *pro se* petitioner in prison would not be precluded from establishing that the facts were unknown to him, does not impact Lockhart's newly-discovered fact claim. Indeed, this Court previously rejected Lockhart's claim for lack of due diligence, not for knowledge of a public record. **See Lockhart**, 135 A.3d 651 (unpublished memorandum at 11-15).

Accordingly, the PCRA court properly denied Lockhart's instant Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2018