J-S36009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IFEANYI NWANI | |
| Appellant | No. 3542 EDA 2016 |

Appeal from the PCRA Order August 1, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007130-2014

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 25, 2017**

Appellant, Ifeanyi Nwani, pled guilty to a charge of unlawful restraint arising from allegations that he had sexually assaulted an 18-year-old female. The court imposed a sentence of time served to 23 months' imprisonment, to be followed by a two-year probationary period. Nwani was released on parole prior to serving his maximum term of imprisonment, but his parole was revoked on March 23, 2016. As a result, the court sentenced Nwani to serve the remainder of his sentence.

On April 19, 2016, he filed a *pro se* petition pursuant to the Post Conviction Relief Act. The PCRA court appointed counsel, and counsel promptly filed a no-merit letter. The PCRA court issued a notice of its intent to dismiss Nwani's petition and granted counsel leave to withdraw. Nwani

filed a response to the notice, but the court entered an order dismissing the petition on August 1, 2016.

On October 17, 2016, Nwani filed the instant notice of appeal. The appeal was facially untimely, as he did not file it by August 31, 2016. **See** Pa.R.A.P. 903(a). An untimely appeal divests this Court of jurisdiction to entertain the appeal. **See Sass v. AmTrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013). As a result, we ordered Nwani to show cause why the appeal should not be quashed.

Nwani responded by arguing that he filed a timely notice of appeal on August 25, 2016. A review of the certified record reveals that a document was filed with the trial court on August 25, 2016, after it had been forwarded from this Court's Prothonotary, where Nwani had originally attempted to file it.

The document consists of a single hand-written page that lists challenges to Nwani's conviction for unlawful restraint as well as challenges to the revocation of his parole. Attached are several photocopies of prior pleadings, an alleged affidavit signed by the victim, and a copy of the preliminary hearing in this matter. We are unable to locate the word "appeal" anywhere in these documents.

Rule 904 of our Rules of Appellate Procedure provides a template for appellants to follow in drafting a notice of appeal. However, "[a] timely notice of appeal triggers the jurisdiction of the appellate court,

notwithstanding whether the notice of appeal is otherwise defective." ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014). The question raised here is what constitutes the bare minimum necessary for a document to qualify as a notice of appeal?

As noted above, the document filed by Nwani on August 25, 2016 is untitled. It does not contain the word "appeal," nor does it contain any statement that the *PCRA court* committed error. Rather, Nwani raises challenges to prior final orders. For example, Nwani asserts that the "probation officer made a false report after she snatched petitioner's cell phone without his consent when she read petitioner's personal text messages and without [] prior approval from her supervisor for property search[.]" Furthermore, it does not reference, in any way, the order dated August 1, 2016, that dismissed his PCRA petition.

Arguably, the fact that Nwani filed these documents with this Court initially could support an inference that he intended them to constitute a notice of appeal of some order. However, we refuse to create a standard whereby prothonotaries are required to be mind readers. Such a standard is contrary to the intent of Pa.R.A.P. 902, which seeks to simplify the appeals process and remove discretionary power from prothonotaries in the process. ***See Commonwealth v. Willis***, 29 A.3d 393, 396 (Pa. Super. 2011).

In order to qualify as a notice of appeal under Pa.R.A.P. 904, a document must, at a minimum, evince its face, a desire to appeal. We are

not requiring any specific combination of language or technical requirements—Rule 902 and our interpretive case law counsel against such a course. Rather, we merely conclude that Nwani's August 25, 2016 filing does not meet this minimal standard.

While we will liberally construe materials filed by a *pro se* litigant, such appellants are not entitled to any particular advantage due to their lack of legal training. ***See Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). Even given a liberal construction due to his *pro se* status, Nwani's August 25, 2016 filing does not meet the minimal standards imposed by our Rules of Appellate Procedure.

As a result, Nwani's October 17 notice of appeal does not qualify as an amendment to an earlier, timely notice of appeal. It is the first and only notice of appeal filed by Nwani. It is also indisputably untimely. We therefore have no jurisdiction to entertain this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017