J-S55027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND A. MIKELONIS, SR. | : | |
| | : | |
| Appellant | : | No. 441 WDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000755-2011

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 24, 2020**

Raymond A. Mikelonis, Sr., appeals from the order denying his requests for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-42. This case returns to us following a remand for the PCRA court to clarify the status of counsel's petition to withdraw. The PCRA court has granted counsel's petition and we now affirm the order denying post-conviction relief.

Mikelonis was charged in October 2011 with 47 counts of sexual abuse of children-child pornography[1] and he waived his preliminary hearing and formal arraignment. He later tendered a negotiated guilty plea to all charges. He signed a guilty plea colloquy form, and after a full oral colloquy, the court accepted the plea. Before sentencing, Mikelonis moved to withdraw his plea. The court held a hearing and concluded that Mikelonis had received proper

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d).

legal representation in the course of the plea and had entered his plea knowingly, intelligently, and voluntarily. It therefore denied the motion. The trial court later sentenced Mikelonis to a total of nine months to seven years in prison. We affirmed on direct appeal in May 2014. **See Commonwealth v. Mikelonis**, 104 A.3d 43 (Pa.Super. filed May 9, 2014). Mikelonis did not seek review in the Pennsylvania Supreme Court.

In April 2015, Mikelonis filed a timely *pro se* PCRA petition claiming ineffective assistance of counsel. **See** PCRA Petition, filed 4/27/15, at 3. He alleged that "[t]rial counsel was ineffective for failing to investigate and introduce favorable evidence at all stages of the trial[.]" Memorandum of Law in Support of PCRA Petition, at 1. The PCRA court appointed counsel who filed a **Turner/Finley**[2] letter and a petition to withdraw as counsel. The PCRA court then issued notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907.

Before the court ruled on either the PCRA petition or counsel's motion to withdraw, in May 2018, Mikelonis filed a *pro se* petition labeled, "Petitioner Raymond Mikelonis Sr.'s Petitioner [*sic*] for State *Habeas Corpus*" ("the '*habeas*' petition"). **See** *Habeas* Petition, filed 5/7/18. Mikelonis's "*habeas*" petition made the following claims:

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- The trial court lacked subject matter jurisdiction because Mikelonis was not formally arraigned;[3]

- Mikelonis had a right to be present at the pre-trial conference, and counsel was ineffective for failing to ensure his presence;[4]

- Trial counsel was ineffective under **United States v. Cronic**;[5]

- Mikelonis's guilty plea was unknowing because he was not formally arraigned or present at the pre-trial conference.[6]

*Habeas* Petition, at 3.

The PCRA court entered an order denying both the PCRA petition and the "*habeas*" petition,[7] and this timely appeal followed. We remanded the case for the PCRA court to advise this Court of the status of PCRA counsel, since there was no indication in the certified record that the PCRA court had formally ruled on his petition to withdraw. The PCRA court entered an order granting counsel's petition to withdraw, and the case now returns to us. **See** Order, filed 12/11/19.

On appeal, Mikelonis raises the following issues:

1. Because a claim of subject matter jurisdiction can never be waived[,] [d]id the Commonwealth error as a matter of law when it misconstrued [Mikelonis's] petition for

---

[3] "*Habeas*" petition at 4-6, Reproduced Record at R.47a-R.48a.

[4] **Id.** at 6-22, Reproduced Record at R.48a-R64a.

[5] **Id.** at 11-22, Reproduced Record at R.53a-R.64a.

[6] **Id.** at 22-23, Reproduced Record at R.64a-R.65a.

[7] The order reads "NOW, this 27th day of December **2019** . . . ." Order, filed 12/27/18 (emphasis added). The year is an obvious typographical error, as the order bears a notation showing its filing in 2018.

state *habeas corpus* by dismissing it as a P.C.R.A. petition?

2. Because the certified record shows that [Mikelonis] was not formally arraigned[,] [d]id the Commonwealth lose subject matter jurisdiction, when it convicted [Mikelonis] without him being formally arraigned?

3. Because pre-trial conference is a criminal stage by where the accused has the right to be present[,] [d]id the Commonwealth lose subject matter jurisdiction when [Mikelonis] was not present at his pre-trial conference?

4. Because [Mikelonis] did not receive the adequate representation of trial counsel that is required by **Strickland v. Washington**, and **United States v. Cronic**[,] [d]id the Commonwealth lose subject matter jurisdiction by trial counsel's ineffectiveness?

Mikelonis's Br. at 1 (suggested answers omitted).

Mikelonis's first and second issues do not merit relief. He presented his second claim to the PCRA court in his *pro se* "*habeas*" petition, but the PCRA court should not have entertained that petition because at the time, Mikelonis was still represented by counsel. Any *pro se* filing by a party represented by counsel is not properly before the court, and the proper course is for the court to take no action on such a filing and instead forward it to counsel. **See Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa.Super. 2011).[8] Further, even if we treated the "*habeas*" petition as a response to the **Turner/Finley**, we would conclude the issues lack merit.

Mikelonis first alleges that the Commonwealth erroneously considered his "*habeas*" petition as a PCRA petition. This claim fails on the merits. The

---

[8] **See also Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999) ("We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represents those defendants").

PCRA court properly treated his "*habeas*" petition as a PCRA petition because all of his "*habeas*" issues are cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii), (iii), & (vii). In his second issue, Mikelonis claims that because he was convicted without being formally arraigned, "the Commonwealth [lost] subject matter jurisdiction." Mikelonis' Br. at 1. He cites no authority for claim that the failure to arraign him deprived the court of subject matter jurisdiction. That is unsurprising, as a failure to arraign does not divest the court of jurisdiction. Arraignment is waivable – indeed, Mikelonis waived arraignment here – and Pennsylvania courts have often noted such waivers without ever finding that the absence of an arraignment deprived the trial court of jurisdiction. **See**, **e.g.**, **Commonwealth v. Zortman**, 23 A.3d 519, 520 (Pa. 2011).

For his third and fourth issues, Mikelonis alleges that the Commonwealth did not have jurisdiction of the case because Mikelonis was not present during the pretrial conference and also because of alleged ineffective assistance of counsel. However, Mikelonis did not properly preserve these issues. Neither appears in either the "*habeas*" petition or the PCRA petition. Although the "*habeas*" petition did challenge Mikelonis's absence at a pretrial conference and alleged counsel ineffectiveness, it did not present either claim in terms of a lack of subject matter jurisdiction. Mikelonis cannot raise these claims for the first time on appeal. **See** Pa.R.A.P. 302. In any event, Mikelonis's claim of ineffectiveness fails because the underlying claim that his presence was required at the pretrial conference is meritless.

- 5 -

A claim of ineffectiveness requires that the petitioner prove three factors, one of which is that "the underlying legal claim . . . has 'arguable merit'[.]" **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008). Mikelonis's underlying claim – that he was unconstitutionally deprived of counsel – lacks arguable merit.

"[A] defendant's presence during all stages of the trial does not extend to purely procedural matters preparatory to the trial." **Commonwealth v. McNamara**, 662 A.2d 9, 13 (Pa.Super. 1995) (citation omitted). The pretrial conference was such a "purely procedural" matter preparatory to trial. The one-page transcript of the conference shows that counsel told the court that he believed Mikelonis would be pleading guilty and the court set a hearing date. **See** N.T., Pretrial Conference, 12/8/11, at 2. We cannot say that such scheduling matters were critical to the outcome of the case such that Mikelonis's presence was required. **See** Pa.R.Crim.P. 602(A); **Commonwealth v. Tharp**, 101 A.3d 736, 762 (Pa. 2014) ("the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure") (citation omitted). Thus, Mikelonis's claim of ineffectiveness fails.

Order affirmed. Application to Amend Brief, to Proceed *Pro Se*, and to Proceed with Brief Already Filed denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020