J-A09023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA WILLIAM WILEY | : | |
| | : | |
| Appellant | : | No. 1105 WDA 2024 |

Appeal from the PCRA Order Entered August 30, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000454-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA WILLIAM WILEY | : | |
| | : | |
| Appellant | : | No. 1106 WDA 2024 |

Appeal from the PCRA Order Entered August 30, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000827-2020

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JULY 10, 2025**

Appellant Dana William Wiley appeals *pro se* from the order denying his

first Post-Conviction Relief Act[1] (PCRA) petition following a hearing.  Appellant

claims that the PCRA court erred in denying his petition.  After careful review,

we vacate the order dismissing Appellant's first PCRA petition and remand the

---

[1] 42 Pa.C.S. §§ 9541-9546.

case to the PCRA court for further proceedings consistent with this memorandum.

The underlying facts and procedural history are well known to the parties. *See* PCRA Ct. Op., 10/9/24, at 1-7. Briefly, on June 28, 2023, Appellant entered a negotiated guilty but mentally ill plea to aggravated assault – attempts to cause or causes serious bodily injury to a designated individual[2] at Docket No. 454-2023, and persons not to possess, use, manufacture, control, sell or transfer firearms[3] at Docket No. 827-2020. *Id.* at 4. After pleading guilty, the trial court imposed the recommended sentence of five to ten years' incarceration. Appellant did not file a direct appeal.

Appellant filed a *pro se* PCRA petition at Docket No. 454 of 2023 on March 7, 2024, and a *pro se* PCRA petition at Docket No. 827 of 2020 on March 15, 2024.[4] Therein, Appellant claimed that there was a violation of **Brady v. Maryland**, 373 U.S. 83 (1963) in his case and that he was denied his "right to an 'omnibus' suppression of evident[i]ary hearing." *See Pro Se* PCRA Pet., 3/7/24, at 8. Christopher P. Lacich, Esq. (PCRA Counsel) was appointed to represent Appellant. On March 25, 2024, PCRA Counsel filed a no merit letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en*

---

[2] 18 Pa.C.S. § 2702(a)(2).

[3] 18 Pa.C.S. § 6105(a)(1).

[4] The two petitions were later consolidated and litigated together. **See** PCRA Ct. Order, 3/28/24.

*banc*) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), along with a petition to withdraw. That same day, PCRA Counsel also filed a motion for a status conference, which the PCRA court scheduled for April 10, 2024.

It is unclear exactly what occurred at the April 10 status conference, as the notes of testimony for that conference are not part of the certified record on appeal. The PCRA court's order following the status conference did not address PCRA Counsel's petition to withdraw and stated, "the court finds an evidentiary hearing is necessary as [Appellant] has made certain allegations which implicate his guilty plea was unlawfully induced." PCRA Ct. Order, 4/10/24 (some formatting altered). Further, the PCRA court's Pa.R.A.P. 1925(a) opinion does not address what occurred at the conference or PCRA Counsel's filings and, instead, simply states that "[f]ollowing that conference, an evidentiary hearing was held concerning the issues raised in [Appellant's PCRA petition] on August 6, 2024." PCRA Ct. Op., 10/9/24, at 6. PCRA Counsel's rendition of what occurred is that "[t]he PCRA court deferred ruling on [the] petition to withdraw, and instead, set an evidentiary hearing on [the] PCRA petition." Appellant's Concise Statement of Errors, 9/19/24, at 4 (unpaginated) (some formatting altered). On this record, it appears that the PCRA court failed to rule on PCRA Counsel's petition to withdraw pursuant to **Turner**/**Finley** before ordering and conducting the evidentiary hearing.

On August 6, 2024, the PCRA court held the evidentiary hearing. Appellant called Joseph Oliva, Esq. (Plea Counsel). Appellant also testified on his own behalf. At the end of the evidentiary hearing, Appellant requested

- 3 -

that the record remain open and that the PCRA court continue the evidentiary hearing so that Appellant could attempt to call more witnesses. *See* N.T. Evidentiary H'rg, 8/6/24, at 66-68. The PCRA court denied the request but stated that if Appellant could identify his additional witnesses to PCRA Counsel, PCRA Counsel could file a motion to reopen the record. *See id.*

On August 30, 2024, the PCRA court entered an order dismissing Appellant's PCRA petition. Appellant filed a timely, counseled notice of appeal on September 11, 2024.[5] Both Appellant and the PCRA court subsequently complied with Pa.R.A.P. 1925.[6]

Appellant raises the following issues on appeal, which we summarize as follows:

1. Was PCRA Counsel ineffective?

2. Was PCRA Counsel ineffective for failing to motion to reopen the record?

---

[5] Appellant subsequently filed a *pro se* notice of appeal on October 8, 2024. Appellant's *pro se* appeal was docketed at 1250 WDA 2024, and this Court later dismissed it as duplicative of the instant appeal.

[6] On October 16, 2024, this Court remanded the case to the PCRA court to determine Appellant's representation status by holding a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). *See* Order, 10/16/24, at 1. On November 15, 2024, the PCRA court entered an order stating that, after a lengthy colloquy at the *Grazier* hearing, it had determined that Appellant knowingly, voluntarily, and intelligently waived his right to counsel on appeal. *See* PCRA Ct. Order, 11/18/24, at 2-3. Because we hold that Appellant was effectively denied his right to counsel during the litigation of his first PCRA petition, Appellant's subsequent waiver of counsel on appeal is not relevant to our analysis.

3. Did the PCRA [c]ourt err by denying Appellant's request to reopen the record at the conclusion of the evidentiary hearing?

Appellant's Brief at 19 (unpaginated).[7]

Before we reach the merits of Appellant's issues, we must address whether the Appellant was deprived of his right to counsel. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1288-90 (Pa. Super. 2011) (stating that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake").

It is well-established that a petitioner has a rule-based right to counsel in litigating a first PCRA petition which must be honored even when the claims appear on their face to lack merit. ***See*** Pa.R.Crim.P. 904(C); ***Commonwealth v. Cherry***, 155 A.3d 1080, 1082 (Pa. Super. 2017). Appointed counsel has a duty to either amend the *pro se* petition and litigate the claims on the merits or seek to withdraw by complying with the mandates of ***Turner/Finley***. ***See Cherry***, 155 A.3d at 1083.

When PCRA counsel files a ***Turner/Finley*** letter and a corresponding petition to withdraw, the PCRA court should dispose of the petition to withdraw before conducting hearings on the merits of the PCRA petition.

---

[7] Appellant filed a *pro se* brief on December 26, 2024. Without seeking leave to amend his brief from this Court, Appellant filed a second *pro se* brief on January 17, 2025. For clarity, we are only referring to the brief filed on December 26.

*Commonwealth v. Willis*, 29 A.3d 393, 399 (Pa. Super. 2011). Failing to rule on counsel's petition to withdraw before the evidentiary hearing creates a scenario that places counsel and the PCRA petitioner at odds with one another. *Id.* If the record reflects that PCRA Counsel violated his duty to continue to represent the PCRA petitioner and, instead, attempted to prove the petitioner's claims were meritless, then the petitioner was "effectively denied his right to counsel in his first [PCRA] petition." *Id.* at 396-98. If a petitioner is denied his right to counsel in his first PCRA petition, the PCRA court's order dismissing his PCRA petition must be vacated. *Id.* at 398-99.

Here, the transcript from the August 6, 2024, evidentiary hearing shows that PCRA Counsel's line of questioning appeared as an attempt at showing that Appellant's claims were meritless, rather than an attempt to adequately develop Appellant's PCRA claims.

First, it appears that PCRA counsel was attempting to bolster the credibility of Plea Counsel with the following exchange:

> [PCRA Counsel]: And were other members of the Public Defender's Office involved in this representation?
>
> [Plea Counsel] In every major case that comes through the Public Defender's Office, it usually involves myself [and three other public defenders] . . . .
>
> [PCRA Counsel] **And collectively, you four have what, somewhat like a hundred years of experience, I would imagine?**
>
> [Plea Counsel]: A lot, yes.
>
> [PCRA Counsel]: **Maybe 80, maybe 90?**
>
> [Plea Counsel]: Yes.

- 6 -

N.T. Evidentiary H'rg, 8/6/24, at 6-7 (emphases added and some formatting altered). Next, and more importantly, PCRA Counsel's exchanges with Appellant read more like a cross-examination of a witness that PCRA Counsel does not believe than a direct examination of his client:

> [PCRA Counsel]: Okay. **And are you alleging to this court that although you pled guilty, although we have a record where you're indicating, you know, that you are aware of what happened, that it was a knowing, intelligent, voluntarily made plea? Are you telling this court that you were induced to plead guilty? In other words, given the circumstances, it was a guilty plea that was not free and voluntarily given?**
>
> [Appellant]: Yeah, that's what I'm saying, due to that counsel was trying to use a mental insanity defense and . . . he was trying to take away my suppressing of evidentiary hearing rights to where I could have had witnesses, them government officials, subpoenaed to testify and submit subordinate evidence that, you know what I mean, I was innocent, or a possibility to where I could have negotiated a more appropriate plea than a five to ten year sentence.
>
> [PCRA Counsel]: Let's go backwards here.
>
> [Appellant]: If they would have been able to suppress that evidence, I could have showed that I could have probably received maybe a two to five in both the cases, you know what I mean, with having those witnesses.
>
> [PCRA Counsel]: You feel you could have got a better sentence?
>
> [Appellant]: Yes, correct.
>
> [PCRA Counsel]: **And you heard [Plea Counsel]. You heard [Plea Counsel] testify that they did an investigation and they found no merit, they found no reason whatsoever to further investigate these government witnesses, things of that nature. Did you hear him say that?**
>
> [Appellant]: I heard him say that, and when basically he spoke to me, I brought it to his attention that those agents already had

evidence, that they had like interrogated me before any of these charges ever occurred against me. You see what I'm saying?

[PCRA Counsel]: Right. So let's go –

[Appellant]: And basically –

[PCRA Counsel]: Yeah, let's go backwards. In this PCRA, your *pro se* petition, you're claiming you're innocent of the allegation that on or about September 20th, 2020, you were a person not to possess a firearm. In other words, did you find a gun on the street in front of the police station and just walked it in?

[Appellant]: In the 827 PCRA?

[PCRA Counsel]: Yes, the 827 of 2020. You pled guilty – Hold on. You pled guilty and were sentenced to five to ten years.

[Appellant]: Yes.

[PCRA Counsel]: **Because they alleged that you had walked into the New Castle Police Station voluntarily, having a prior felony or other prohibitive disqualifying conviction, with a firearm. Are you saying that that never happened?**

[Appellant]: The way they state that that's how that happened, it never happened. . . .

[PCRA Counsel]: Okay. Tell us about your allegations on the 827 of '20. Tell us about your allegations there.

[Appellant]: The allegations I raised was that they ineffected [sic] my rights of violating my rights, my Rule 600 rights, to be tried, prosecuted, and negotiated a 1-20-2021 motion for ARD plea before the 365 days.

[PCRA Counsel]: **Let me stop you there. [Plea Counsel] testified that they had an Accelerated Rehabilitative Disposition, an ARD plea, worked out for you, which as he stated, seems to be very rare for a firearm, person not to possess, but then you absconded, that you did not appear for court, and are you aware that Rule 600 does not get charged against the Commonwealth if you're a fugitive, so to speak? Do you deny –**

[Appellant]: This court hearing was never scheduled until October 5th of 2022, and I was already found competent. They – back in October [2020]; again, in July [2021]. Before they even

- 8 -

scheduled that hearing, the . . . 365 days passed.  So I was telling him – I called him on the phone and basically told him that I wanted to withdraw that under the Rule 600 rule, to have the charges disqualified, suspended, based on that violation.

 [PCRA Counsel]: **Let's go to June 28, 2023.  Prior to you entering your guilty plea, did you not have an opportunity to bring this to the court's attention or the District Attorney's attention that I don't want to enter this plea, I have a Rule 600 issue?  You didn't do that, did you?**

[Appellant]: Yes, I did.

[PCRA Counsel]: **It's on the record, you're telling us?**

[Appellant]: Basically when they arrested me on the record, they didn't give me like how I'm speaking now.

[PCRA Counsel]: Right.

[Appellant]: They just had me answer questions, so they didn't have me come to the stand and testify, I just answered basic questions that was asked of me.

[PCRA Counsel]: So the judge --

[Appellant]: You know what I'm saying?  So I could never bring that to the judge and say, look, Judge, this is what I'm trying to do.  You know what I'm saying?

[PCRA Counsel]: But the judge could take judicial notice of the guilty plea, correct?

[Appellant]: Yeah.

[PCRA Counsel]: And the transcript?

[Appellant]: Yeah.

[PCRA Counsel]: **And you understand that the courts go by their records, so the courts have to – you can't – you had a chance, would you not agree, to tell [the trial court], I have a Rule 600 issue here?  Whether they asked you that or not, you could have spoken out, but you didn't, is that fair to say?**

- 9 -

[Appellant]: **No, I wouldn't say that's fair to say, because I did try to speak up. I told you, I did try to speak up. I wasn't given the rights to speak up.**

[PCRA Counsel]: **So the record will reflect what you're telling us then; is that correct?**

[Appellant]: Yeah, yeah.

N.T. Evidentiary H'rg, 8/6/24, at 41-45 (emphases added and some formatting altered).

[PCRA Counsel]: Yes. **So in other words, you believe you should have gotten less than five to ten years running concurrent on both charges even though that was the deal, that was the plea recommendation, that was the plea deal?**

[Appellant]: (Nods head affirmatively.)

\* \* \*

[PCRA Counsel]: **Okay. And you heard [Plea Counsel] say that they thought they gave you a great deal, a home run, that this was a home run deal for you? You don't agree with that?**

[Appellant]: **No, I'm not going to agree with that. I can't agree with it.**

[PCRA Counsel]: **That's what I'm asking you.**

[Appellant]: Over in jail, I wouldn't have filed these motions.

[PCRA Counsel]: Okay. No, this is your time to talk to [the PCRA court]. You will be cross-examined.

[Appellant]: True.

[PCRA Counsel]: **You will be cross-examined by [the Assistant District Attorney] here in a second. I'm just trying to make sure, and then you understand that they claim you never wrote them and said, hey, file an appeal? You are aware you have 30 days to file an appeal, in theory, of your sentence?**

[Appellant]: Yeah.

[PCRA Counsel]: **Did you ever write the Public Defenders and say, look, I need a – I want an appeal filed?**

[Appellant]: I submitted that.

[PCRA Counsel]: **Did you send it to them or to the clerk of courts?**

[Appellant]: I sent it to the clerk of courts and it's dated July 11th, 2023, appeal to modify sentence.

[PCRA Counsel]: **Okay. Are you aware of the rules of the Commonwealth, that as long as you have a counsel of record, your filings are nullities? They don't allow hybrid representation. So are you aware that that letter should have went to the Public Defenders, in all likelihood, not the clerk of courts or [the trial court] or the District Attorney? Do you understand what I'm saying, [Appellant]? In other words, why didn't you write the Public Defender?**

[Appellant]: It was forwarded to -- I put it on the record to be forward to the Public Defender. It was forwarded to the Public Defender, the D.A. and the judge, [the president judge], or [the trial court]. My mistake.

[PCRA Counsel]: Did anybody respond? Did anybody respond to you?

[Appellant]: No one responded. I get no response.

[Appellant]: **Are you aware that even if an appeal had been filed, that the Superior Court would have been able to examine the plea and sentencing transcript, and if they found no merit, you would have been denied relief? You understand how tough they are? They look at what that transcript says.**

[Appellant]: Yeah.

N.T. Evidentiary H'rg, 8/6/24, at 58-61 (emphases added).

In addition to PCRA Counsel's questioning at the hearing, Appellant's *pro se* filings after PCRA Counsel filed the petition to withdraw demonstrate that the PCRA court's failure to rule on the petition fostered a contentious

relationship between PCRA Counsel and Appellant. On April 9, 2024, just over two weeks after PCRA Counsel filed his **Turner**/**Finley** letter, Appellant began making claims of ineffective assistance of PCRA counsel.[8] **See** *Pro Se* Mot. to Amend, 4/9/24, at 1 (unpaginated). In June and July of 2024, Appellant wrote two letters to counsel, which he filed with the court, in which he demanded that PCRA Counsel ask specific questions to the witnesses called at the evidentiary hearing. **See** Appellant's Letter, 6/25/24; Appellant's Letter, 7/19/24.[9] Just days before the hearing, Appellant wrote to PCRA Counsel asking for the hearing to be rescheduled to attempt to subpoena witnesses. **See** Appellant's Letter, 8/6/24.[10] As stated above, at the end of the evidentiary hearing, Appellant requested that the record remain open and that the PCRA court continue the evidentiary hearing so that Appellant could attempt to call more witnesses. **See** N.T. Evidentiary H'rg, 8/6/24, at 66-68.

_____

[8] We note that Appellant's claims were boilerplate in nature and simply related to PCRA Counsel's filing of a no merit letter without any other argument. **See** *Pro Se* Mot. to Amend, 4/9/24, at 1 (unpaginated). Undeveloped claims and boilerplate allegations of ineffective assistance of counsel cannot satisfy an Appellant's burden of establishing ineffectiveness. **See Commonwealth v. Faulk**, 21 A.3d 1196, 1202-03 (Pa. Super. 2011). Nonetheless, as stated above, a pending petition to withdraw as PCRA counsel, which goes unruled upon by the PCRA court, does not foster a good attorney-client relationship. **See Willis**, 29 A.3d at 399.

[9] The letter docketed as filed on July 19, 2024, does not contain a date stamp showing the date in which it was filed. For clarity, we are referring to the letter that is dated as written on July 14, 2024.

[10] This letter, which does not contain a postmarked envelope, is dated August 1, 2024, but was docketed as filed on August 6, 2024, the date of the hearing.

At that point, the following exchange occurred between PCRA Counsel and Appellant:

[PCRA Counsel]: Just so you know, the parameters of the PCRA are narrow in scope, and so based on what we've heard here today, it's my understanding that the record will be closed. **There's no evidence from your attorneys that investigated your claims early on. You heard that there were committee meetings with [the public defenders who represented Appellant during the guilty plea] that they looked into all this and so, you know, we have a duty, too, to not just be – we're not allowed to just subpoena anybody in terms of that.** I mean, again, I will defer to the court as far as whether the record should be closed or not, but in all likelihood, the record will be closed and your claims will then go before the judge and his staff to make a decision as to whether or not you get the relief you seek. So it's not like a free-for-all, I guess, is what I'm saying. Like, we could not subpoena Joe Biden in here today.

[Assistant District Attorney]: Your Honor, if [PCRA Counsel] wants to have a consultation with his client, I'm one hundred percent fine with that, but are we – is our proceeding –

[PCRA Counsel]: I think it's relevant to what he asked the judge, that the record is going to be closed, in all likelihood, and the court's going to make a decision on your claims. Okay?

[Appellant]: I understand what you saying there, but it's like to support my claims on my PCRA, to show that I'm being wrongfully detained and that I'm innocent. You say that [Plea Counsel] said they did an investigation? All they did is speak to agents as wrote in the criminal affidavits. You know what I mean? Them ain't the agents. I'm going to the Attorney General's, the Secret Service director, you know what I mean? Officials who could present this evidence to this court that supports my claim.

[Assistant District Attorney]: Your Honor, objection. There's been no question asked of the Defendant.

[PCRA court]: The court will sustain the objection. I think at this time, we will conclude the proceeding, and the court will be taking the matter under consideration. If [Appellant] wants to send specific witnesses to [PCRA Counsel], he may do so. [PCRA Counsel], you can always file a motion if you find them

worthwhile, to reopen the record. So the court will conclude this hearing at this time[.]

***Id.*** at 67-68 (emphasis added and some formatting altered).

We recognize the need for attorneys to speak with candor to their clients about the potential success of their clients' claims and that PCRA Counsel's comment, highlighted above, is certainly permissible in a private conference with a client. However, when counsel makes such a statement in front of the court and on the record, it gives the appearance that counsel is advocating against, rather than for, his client's interests. ***See generally Willis***, 29 A.3d at 397-99.

Based on the reasons stated above, we conclude that the PCRA court erred by failing to rule on PCRA Counsel's petition to withdraw. ***See Willis***, 29 A.3d at 399. The PCRA court's error had the effect of putting PCRA Counsel and Appellant at odds with one another and, therefore, placed PCRA Counsel in a scenario where he could either advocate for Appellant's position and fulfill his duty to his client, **or** prove his own position that Appellant's claims were meritless, and support his petition to withdraw. ***See id.*** Our review of the record suggests that PCRA Counsel focused on showing Appellant's claims were meritless and, therefore, he did not fulfill his duty to advocate for his client's position.[11] ***See id.*** at 396-98. Accordingly, Appellant was effectively

_____

[11] Additionally, after the evidentiary hearing, Appellant's claims of ineffective assistance of PCRA counsel continued. On September 17, 2024, Appellant forwarded a letter to the PCRA court, which was addressed to PCRA counsel,
*(Footnote Continued Next Page)*

denied his right to counsel in his first PCRA petition. ***See id.*** at 398-99; ***see also Stossel***, 17 A.3d at 1288-90. Since Appellant was denied his right to counsel in his first PCRA petition, we vacate the order dismissing Appellant's petition and remand the case to the PCRA court to appoint new counsel for Appellant.[12]

On remand, new counsel shall review Appellant's *pro se* PCRA petition and determine whether there is merit to his claims. If new counsel believes those claims have merit, new counsel shall file an amended petition and continue representing Appellant for the duration of the PCRA proceedings including on appeal, if necessary. If new counsel believes Appellant's claims are meritless, new counsel shall comply with ***Turner***/***Finley***. In this scenario,

_____

in which Appellant claimed PCRA Counsel was ineffective. ***See*** *Pro Se* Letter to Counsel, 9/17/24. On October 8, 2024, Appellant filed a *pro se* notice of appeal. In that filing, Appellant claimed that both the PCRA court as well as PCRA Counsel deprived him of his due process rights at the evidentiary hearing. ***See*** *Pro Se* Notice of Appeal, 10/8/24. On October 15, 2024, Appellant filed a *pro se* petition in this Court seeking PCRA Counsel's removal from the case and, again, alleging ineffective assistance of PCRA Counsel. ***See*** *Pro Se* Petition to Withdraw Counsel, 10/15/24.

[12] Because our disposition is based upon a procedural error that effectively denied Appellant of his right to counsel, we do not take a position on the merits of Appellant's claims. We note that "[a] petitioner has an absolute right to counsel on his first PCRA petition, regardless of the merits of his claim [and, w]here that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel." ***See Commonwealth v. Percha***, 1257 WDA 2021, 2022 WL 10862562, at *1 (Pa. Super. filed Oct. 19, 2022) (unpublished mem.) (internal citations and quotations omitted); Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

the PCRA court shall either accept or reject new counsel's **Turner**/**Finley** letter. If the PCRA court rejects the **Turner**/**Finley** letter and determines an evidentiary hearing is necessary,[13] the PCRA court must deny counsel's petition to withdraw before holding a hearing and new counsel must ensure that he or she complies with their duty to continue to represent and advocate on Appellant's behalf. If the PCRA court accepts new counsel's **Turner**/**Finley** letter and decides an evidentiary hearing is unnecessary, the PCRA court shall grant new counsel's motion to withdraw and provide Appellant with notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's PCRA petition without a hearing. In that scenario, Appellant should be allowed to continue to litigate his petition *pro se* by responding to the Rule 907 notice, filing a notice of appeal, and a Rule 1925(b) statement.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[13] The record reflects that the PCRA court granted a rule to show cause upon the Commonwealth to explain why a hearing should not be granted on Appellant's petition. **See** PCRA Ct. Order, 3/12/24. Although the language of the order suggests that Appellant had a right to an evidentiary hearing, we note that a PCRA petitioner is not automatically entitled to an evidentiary hearing and the PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support in the record or other evidence. **See Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>07/10/2025</u>