J-A21014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH HARRIS | : | |
| | : | |
| Appellant | : | No. 284 EDA 2022 |

Appeal from the PCRA Order Entered December 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0600961-2005

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 30, 2022**

Keith Harris appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we reverse and remand for further proceedings.

Harris was convicted by a jury of third-degree murder, conspiracy, possessing instruments of crime, and firearms not to be carried without a license. He was sentenced to an aggregate term of 26 to 52 years' incarceration. This Court affirmed Harris's judgment of sentence on March 17, 2010. *See Commonwealth v. Harris*, 996 A.2d 543 (Pa. Super. 2010) (Table). Our Supreme Court denied Harris's petition for allowance of appeal on September 28, 2010. *See Commonwealth v. Harris*, 9 A.3d 627 (Pa. 2010) (Table).

On September 26, 2011, Harris filed a timely PCRA petition, his first. On July 10, 2012, the PCRA court dismissed the petition. Harris filed a timely appeal and this Court affirmed. **See Commonwealth v. Harris**, 87 A.3d 887, (Pa. Super. 2013) (Table). Our Supreme Court denied Harris's petition for allowance of appeal on April 16, 2014. **See Commonwealth v. Harris**, 89 A.3d 1283 (Pa. 2014) (Table).

On November 19, 2018, Harris, *pro se*, filed the instant PCRA petition, his second. The PCRA court conducted an evidentiary hearing on October 30, 2019, after which it appointed Douglas Dolfman, Esquire, as Harris's counsel. In appointing counsel, the PCRA court expressly acknowledged that Harris is not entitled to counsel on a second or subsequent petition.[1] **See** N.T. 10/30/19, at 25-28. However, the PCRA court emphasized that it was in the "interests of justice" to appoint counsel for Harris.[2] **Id.**

On March 26, 2021, Attorney Dolfman filed an amended PCRA petition, in which he raised no new claims. Rather, Attorney Dolfman *conceded* that

_____

[1] **See** Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies [to] the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required . . . the judge shall appoint counsel to represent the defendant.").

[2] The trial court, acknowledging that Harris was not well-versed in legal research and argument, noted that Harris's claims required further development and asked if Harris wished to have counsel appointed. **Id.** at 24-26. Harris stated that he had been seeking to privately retain counsel but was unsuccessful. **Id.**; **see id.** (Harris admitting various letters from, *inter alia*, the ACLU and private attorneys declining to represent him). Ultimately, Harris accepted the PCRA court's offer for counsel and Attorney Dolfman was appointed. **Id.** at 27-28.

- 2 -

Harris's *pro se* PCRA claims were time-barred, and that no exception applied. **See** Amended PCRA Petition, 3/26/21, at 3-5. Attorney Dolfman did not serve the amended petition to Harris, and the record does not reflect any correspondence from Attorney Dolfman to Harris.

Subsequently, the PCRA court filed its notice of intent to dismiss Harris's petition pursuant to Pa.R.Crim.P. 907. However, the PCRA court served only the Commonwealth and Attorney Dolfman. Harris was not notified of the PCRA court's intent to dismiss and, consequently, Harris did not file a *pro se* response. Attorney Dolfman, likewise, did not file a response. On December 1, 2021, the PCRA court dismissed Harris's petition and served Harris with the order. Harris filed a timely, *pro se*, notice of appeal and a *pro se* court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Harris filed a *pro se* appellate brief in which he raises three separate issues that all challenge PCRA counsel's abandonment of Harris and his claims. **See** Brief for Appellant, at 1-10. In his appellate brief, Harris, *inter alia*, alleges that his PCRA counsel violated the Pennsylvania Rules of Professional Conduct by conceding all claims and failing to advocate on his behalf. **See** Brief for Appellant, at 4-9. Harris further asserts that Attorney Dolfman never responded to any of his *pro se* letters, which are attached as exhibits, and did not notify Harris that: Attorney Dolfman filed an amended PCRA petition; the PCRA court intended to dismiss the PCRA petition; or that the PCRA petition was ultimately dismissed. **See** Brief for Appellant, at V-VI, 1-10.

Attorney Dolfman's representation, or lack thereof, is concerning. First, it is clear that "[o]nce counsel has entered an appearance on a defendant's behalf[,] he is obligated to continue representation until the case is concluded or **he is granted leave by the court to withdraw his appearance**." *Commonwealth v. Willis*, 29 A.3d 393, 397 (Pa. Super. 2011) (emphasis added); *see* Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or **appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court**.") (emphasis added). "[T]he performance of counsel **must** comply with some minimum norms, which include not abandoning a client for purposes of appeal[.]" *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (emphasis added).

Here, as highlighted above, Attorney Dolfman was appointed to represent Harris and filed an amended PCRA petition.[3] However, Attorney Dolfman did not notify Harris that the PCRA court had filed the Rule 907 notice. Additionally, the PCRA court, in its Rule 907 notice, only served Attorney

---

[3] We note that Attorney Dolfman's amended PCRA petition is more akin to a *Turner*/*Finley* no-merit letter because he advocates **against** Harris's claims. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). However, despite this similarity, the amended petition falls far short of the *Turner*/*Finley* requirements. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (outlining *Turner*/*Finley* no-merit letter requirements). Moreover, even if we considered it a *Turner*/*Finley* letter, which we expressly do **not**, we would similarly remand this case because, *inter alia*, Dolfman failed to serve Harris with the amended PCRA petition and failed to request withdrawal. *See Wrecks*, *supra*.

Dolfman, who did not notify Harris of the impending dismissal. Neither Attorney Dolfman nor Harris filed a response to the Rule 907 notice. Moreover, the PCRA court did not enter an order granting withdrawal or otherwise removing Attorney Dolfman. Attorney Dolfman, similarly, has not filed an advocate's brief or any filings with this Court. Ultimately, it appears that Harris, after being appointed counsel "in the interests of justice," was left to fend for himself.

In light of the foregoing, we conclude that Attorney Dolfman has abandoned Harris during PCRA proceedings as well as on appeal before this Court. *See Willis*, *supra*; *Bennett*, *supra*. Thus, we reverse the dismissal of Harris's PCRA petition and remand for the PCRA court to appoint new counsel.[4] Harris and his newly appointed counsel shall be afforded the opportunity to file an amended PCRA petition or, if appropriate, a *Turner*/*Finley* no-merit letter. Accordingly, we reverse the dismissal of Harris's PCRA petition and reverse for further proceedings consistent with this memorandum.[5]

---

[4] Like the PCRA court, we acknowledge that a second or subsequent PCRA petitioner is not entitled to counsel. *See* Pa.R.Crim.P. 904(D). Nevertheless, as the PCRA court saw fit to appoint counsel for Harris, *see id.*, we remand for the appointment of new counsel because Attorney Dolfman's representation of Harris was so deficient that it resulted in abandonment and Attorney Dolfman failed to act as an appropriate advocate for the purposes of his appointment. *See* Pa.R.Crim.P. 120(A)(4); *Bennett*, *supra*.

[5] Upon remand, we note that in removing Attorney Dolfman, the PCRA court may consider sanctions including, but not limited to, reporting him to the disciplinary board for abandoning Harris.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022