J-S34008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN E. GREGORY | : | |
| | : | |
| Appellant | : | No. 317 WDA 2021 |

Appeal from the PCRA Order Entered February 5, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007930-1982

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED:  October 14, 2022**

Appellant Norman E. Gregory appeals from the February 5, 2021 Order entered in the Allegheny County Court of Common Pleas that denied his *pro se* serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant was represented by counsel when he filed his petition *pro se*, the petition was a legal nullity and, thus, the PCRA court erred in addressing it.  Accordingly, we vacate the court's Order.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, on March 2, 1983, Appellant pleaded *nolo contendre* to Rape and related charges.  On February 15, 1984, the trial court sentenced Appellant to an aggregate term of 17½ to 50 years' imprisonment.  Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

did not file a direct appeal but proceeded to file numerous PCRA petitions, which the PCRA court dismissed.

Relevant to this appeal, on August 22, 2016, the PCRA court appointed Suzanne M. Swan, Esquire, to represent Appellant in his PCRA proceedings. On April 3, 2020, Appellant filed the instant *pro se* PCRA petition. On August 20, 2020, the PCRA court issued a Pa.R.Crim.P. Rule 907 Notice to Dismiss the petition without a hearing and on February 5, 2021, the PCRA court dismissed the petition. Our review of the docket reveals that the PCRA court served Appellant's counsel with a copy of the above-mentioned *pro se* filings, but counsel failed to file anything on Appellant's behalf.

On March 5, 2021, Appellant filed a *pro se* Notice of Appeal to this Court. In response, on May 13, 2021, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days. Appellant failed to do so. On November 11, 2021, the PCRA court issued an Opinion concluding that Appellant had waived all issues on appeal.[1]

On March 4, 2021, this Court issued an order acknowledging that the PCRA court had appointed counsel to represent Appellant and had not granted counsel permission to withdraw. Accordingly, we directed the Prothonotary to enter counsel's appearance in this Court. Counsel subsequently failed to file a brief on behalf of Appellant and on February 7, 2022, we remanded this case

---

[1] Our review of the docket reveals that that PCRA court did not serve Appellant's counsel with a copy of Appellant's *pro se* Notice of Appeal or the Rule 1925(b) order.

to the PCRA court for 30 days for a determination as to whether counsel had abandoned Appellant.  We also instructed the PCRA court to take further action as required to protect Appellant's right to appeal.  In response, on April 4, 2022, the PCRA court issued an Order of Court that found that counsel had not abandoned Appellant; rather, counsel believed after discussion with Appellant that Appellant did not wish to file a notice of appeal. Order, 4/2/22, at 1-2.  On July 28, 2022, Appellant's counsel filed a **Turner/Finley** "no-merit" brief[2] and an Application for Leave to Withdraw as Counsel with this Court.

As an initial matter, we must address the fact that Appellant filed the instant *pro se* PCRA petition while still represented by counsel.  Our Supreme Court has explicitly extended Pennsylvania's prohibition against hybrid representation to PCRA proceedings.  **Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999).  When an appellant is represented by counsel, it is error for a PCRA court to accept a *pro se* PCRA petition as a valid pleading and consider the merits thereof.  **Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa. Super. 2020); **Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011).  Rather, the PCRA court should consider the filing to be a legal nullity. **Mojica**, 242 A.3d at 953.

Instantly, because Appellant was represented by counsel, the trial court erred when it considered the merits of Appellant's *pro se* PCRA petition.  The

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

J-S34008-22

PCRA court should have treated the filing as a legal nullity.  Accordingly, we vacate the court's February 5, 2021 order denying PCRA relief.[3,4]

Order vacated.  Application for Leave to Withdraw as Counsel denied. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2022

---

[3] In light of our disposition, we deny counsel's Application for Leave to Withdraw as Counsel without prejudice to seek relief before the PCRA court.

[4] We note that because Appellant's *pro se* PCRA petition is a legal nullity, he is without prejudice to re-file a counseled PCRA petition raising the same claims, or a *pro se* PCRA petition raising the same claims if the PCRA court permits counsel to withdraw.

- 4 -