J-S01010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN GRAZIOLI | : | |
| | : | |
| Appellant | : | No. 1538 WDA 2021 |

Appeal From the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001341-2018

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  April 20, 2023**

Appellant, John Grazioli, appeals from the post-conviction court's December 8, 2021 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the PCRA court's order and remand for further proceedings consistent with this memorandum.

In February of 2019, Appellant was convicted by a jury trial of first-degree murder, recklessly endangering another person, and carrying a firearm without a license based on evidence that he shot his wife in the back of the head while she slept.  On April 5, 2019, Appellant was sentenced to an aggregate term of life imprisonment, without the possibility of parole.  We affirmed his judgment of sentence on direct appeal.  ***See Commonwealth v.***

---

[*] Retired Senior Judge assigned to the Superior Court.

*Grazioli*, 229 A.3d 335 (Pa. Super. 2020) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court.

On January 21, 2021, Appellant filed a timely, *pro se* PCRA petition raising eight claims of trial and appellate counsel ineffectiveness, and one sentencing issue. The court thereafter appointed Tina Fryling, Esq., as counsel for Appellant. Attorney Fryling filed a supplemental petition, simply incorporating by reference all the averments set forth in Appellant's *pro se* petition. The PCRA court found Attorney Fryling's supplemental petition inadequate, and ordered her to file another supplemental petition "identifying, distilling[,] and presenting in legal terms those *pro se* claims which counsel believes have legal merit." PCRA Court Order, 5/7/21, at 2.

On June 4, 2021, Attorney Fryling filed an amended, supplemental petition raising six claims of trial and appellate counsel ineffectiveness. The Commonwealth thereafter filed a response, as well as a motion to dismiss Appellant's petition. On September 16, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant, via Attorney Fryling, filed two responses to the Rule 907 notice, as well as a supplemental PCRA petition adding another claim of trial counsel ineffectiveness. Counsel asked, *inter alia*, that the court conduct an evidentiary hearing. On November 10, 2021, the court issued another Pa.R.Crim.P. 907 notice of its intent to dismiss, stating that it accepted Appellant's amended petition, but deemed meritless the additional ineffectiveness claim raised therein.

On December 2, 2021, Appellant filed a *pro se* response to the court's Rule 907 notice. Therein, he claimed that Attorney Fryling had acted ineffectively by raising certain of his post-conviction claims inaccurately/incorrectly. Appellant requested that the PCRA court address his ineffectiveness claims pertaining to Attorney Fryling under **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). On December 8, 2021, the PCRA court issued a memorandum and final order acknowledging Appellant's ineffectiveness claims against Attorney Fryling, but stating that it was not permitted to consider Appellant's *pro se* filing under the rule precluding hybrid representation. **See** Memorandum and Order, 12/8/21, at 2 (citing **Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011)). That same day, the court issued an order dismissing Appellant's petition.

Attorney Fryling filed a timely notice of appeal on Appellant's behalf. On January 13, 2022, Appellant filed with this Court a *pro se* petition, again alleging Attorney Fryling's ineffectiveness and asking that we remand for the appointment of new counsel in accordance with **Bradley**. On January 20, 2022, Attorney Fryling filed an "Application to Remand for a **Grazier**[1] Hearing and/or to Appoint Substitute Counsel." On February 1, 2022, this Court issued

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 3 -

a *per curiam* order remanding for the PCRA court to hold a **Grazier** hearing and "determine whether Appellant wishes to proceed *pro se* and if Appellant's decision to proceed *pro se* is knowing, voluntary, and intelligent." Order, 2/1/22, at 1 (single page).

On February 17, 2022, the PCRA court notified this Court that it had conducted a **Grazier** hearing on February 14, 2022. There, Appellant indicated that he did not want to proceed *pro se*, and he agreed to continue with Attorney Fryling as his counsel. **See** Response to Order, 2/17/22, at 1 (unnumbered). However, on February 24, 2022, Appellant once again filed a *pro se* petition requesting that we remand. Appellant stated that our initial remand for a **Grazier** hearing was improper, as he had never expressed his desire to proceed *pro se* but had, instead, asked for the appointment of new counsel so he could assert claims of Attorney Fryling's ineffectiveness under **Bradley**. Therefore, he requested that we remand for new counsel to be appointed.

On March 1, 2022, we issued a *per curiam* order directing the PCRA court to appoint Appellant new counsel within 14 days of the date of our order. We directed Appellant's new counsel to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days of being appointed. We also ordered the PCRA court to thereafter file a Rule 1925(a) opinion. On March 15, 2022, the PCRA court appointed William J. Hathaway, Esq., to represent Appellant, and ordered Attorney Hathaway to file a Rule

1925(b) statement within 21 days. Attorney Hathaway timely filed a Rule 1925(b) statement, and the court thereafter filed a Rule 1925(a) opinion.

On October 13, 2022, Attorney Hathaway filed an appellate brief on Appellant's behalf, stating the following issues for our review:

A. Whether the [PCRA c]ourt erred in failing to grant PCRA relief relating to the ineffective assistance of trial counsel in failing to move for a change of venue?

B. Whether the [PCRA c]ourt erred in failing to grant PCRA relief relating to the ineffective assistance of trial counsel in failing to raise on direct appeal the claim of the trial court permitting the introduction into evidence and examination of messages purportedly from [Appellant] to other women on the "Kik" instant messaging app?

C. Whether the [PCRA c]ourt erred in failing to grant PCRA relief relating to the ineffective assistance of trial counsel in failing to challenge the forensic results of the firearm allegedly used by [Appellant] and/or in explicitly challenging the specifications and independent testing of the firearm?

D. Whether the [PCRA c]ourt erred in failing to grant PCRA relief relating to the ineffective assistance of trial counsel in failing to raise on direct appeal the insufficient and misleading jury instructions for possession of [an] instrument[] of crime?

E. Whether … [A]ppellant was afforded ineffective assistance of PCRA counsel in that [Appellant] discerned that he had misstated the relevant jury instruction at issue in the preceding claim within his *pro se* PCRA [petition,] and he sought to rectify that omission by apprising PCRA counsel of the actual framing of the [possession of an instrument of crime] jury instruction, but PCRA counsel[,] despite affirming that she would make the correction[,] merely restated [Appellant's] errant claim without modification?

F. Whether … [A]ppellant was afforded ineffective assistance of PCRA counsel given the failure to discern, preserve and argue a claim relating to the fact that trial counsel sought to present an incongruent and factually[-]flawed[,] mixed defense of voluntary intoxication and resultant diminished capacity and accidental shooting[,] which were logically inconsistent and disparate

- 5 -

thereby serving to undermine the credibility of both respective defenses to the detriment of … [A]ppellant?

G. Whether … [A]ppellant was afforded ineffective assistance of PCRA counsel given the failure to discern, preserve and argue the failure of trial counsel to object to the Commonwealth's cross-examination of him, which materially exceeded the scope of direct[-]examination and delved into issues and facts not developed on direct examination?

H. Whether … [A]ppellant was afforded ineffective assistance of PCRA counsel given the failure to discern, preserve and argue that trial counsel was ineffective in failing to object to the Commonwealth's closing argument including details concerning Dr. Vey's testimony[,] which was substantially misrepresented to the extent … [it] constitute[d] prosecutorial misconduct through the fabrication of trial evidence and the exaggeration of unfounded references to the trial record?

I. Whether … [A]ppellant was afforded ineffective assistance of PCRA counsel for want of the submission of objections or response to the ["]Notice of Intent to Dismiss PCRA[,"] wherein the [PCRA c]ourt concluded that the evidence was overwhelming whereas there was no evidence of record except [Appellant's] own testimony explaining what transpired as to the shooting while the Commonwealth evidence focused solely on the history of [Appellant] and his actions subsequent to the shooting[,] which collectively is inconclusive and amounts to supposition as to the criminal intent of [Appellant] at the time of the shooting for purposes of assignment of the level of criminal culpability spanning from first degree murder to involuntary manslaughter consistent with the jury instructions set forth?

Appellant's Brief at 2-3.

On October 27, 2022, Appellant filed another, *pro se* petition for remand. Therein, he averred that Attorney Hathaway acted ineffectively by filing an appellate brief that waives certain claims for our review. Appellant contended that Attorney Hathaway's appellate arguments are undeveloped and lack citations to any legal authority and/or the record. Accordingly,

Appellant requested to proceed *pro se*, and asked that we remand for a **Grazier** hearing. On November 10, 2022, this Court issued a *per curiam* order denying Appellant's petition, citing **Grazier's** rule that an appellant cannot request to proceed *pro se* after his counsel has filed an appellate brief. **See** Order, 11/10/22 at 1 (single page) (citing **Grazier**, 713 A.2d at 82).

On November 14, 2022, the Commonwealth filed its appellate brief. Notably, the Commonwealth argues therein that several of Appellant's claims should be rejected because he fails to cite to the record, and/or he presents claims that are speculative, conclusory, and vague. **See** Commonwealth's Brief at 5 (stating that, in support of his first issue, "Appellant presents only vague, speculative and conclusory arguments without any substantiation, specificity or citations to the record"); *id.* (stating that Appellant's second issue "is speculative and conclusory and unsupported by any specific evidence or reference to the record"); *id.* at 8 (arguing that we should reject Appellant's fifth issue because he "presents no evidence to substantiate this claim, nor does he establish that the claim is of arguable merit or that counsel had no reasonable basis for her alleged conduct or omission, nor does Appellant establish prejudice"); *id.* at 9 (asserting that Appellant's seventh, eighth, and ninth issues should be found meritless because "Appellant offers only bald and conclusory arguments, presents no substantiating evidence or citations to the record, and fails to meet his burden of proof").

On November 28, 2022, Appellant filed another *pro se* petition, which this Court deferred until disposition by this panel. In his petition, Appellant

again avers that Attorney Hathaway acted ineffectively by filing an appellate brief that waives multiple issues due to counsel's undeveloped arguments, and failure to cite to legal authority and/or the record where necessary. However, this time Appellant does not ask that we remand for a *Grazier* hearing to determine if he can proceed *pro se* but, instead, he requests that we remand for the appointment of new counsel.

Having carefully reviewed the record and the complex procedural history of this case, we conclude that Appellant's petition for remand should be granted. Our examination of the brief filed by Attorney Hathaway confirms Appellant's assertions of ineffectiveness. As Appellant argues (and the Commonwealth essentially concedes), Attorney Hathaway presented undeveloped arguments that lack citations to any legal authority, and/or citations to the record, for several of Appellant's issues. For instance, in support of Appellant's first issue alleging trial counsel's ineffectiveness for not seeking a change of venue, Attorney Hathaway presents a two-paragraph, page-and-a-half argument that has no citation to any legal authority. *See* Appellant's Brief at 10-11. In support of Appellant's second issue, alleging that direct appeal counsel was ineffective for "failing to raise … the claim of the trial court['s] permitting the introduction into evidence and examination of messages purportedly from [Appellant] to other women on the 'Kik' instant messaging app[lication,]" Attorney Hathaway does not cite to where in the record this evidence was admitted. *Id.* at 11. Additionally, counsel's argument in support of this claim is also a meager two paragraphs. *Id.* at 11-

- 8 -

12. Moreover, Attorney Hathaway cites no legal authority to support Appellant's third, fifth, sixth, seventh, or ninth issues. *See id.* at 12-14, 16-20, 23-25.

Given these briefing deficiencies, we agree with Appellant that Attorney Hathaway has waived the majority of his issues for our review. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."). We cannot discern any reasonable basis for Attorney Hathaway's briefing errors.

Additionally, Appellant is prejudiced by counsel's inadequate representation because we cannot meaningfully assess his claims, including those of Attorney Fryling's ineffectiveness, which Appellant is permitted to raise for the first time on appeal under *Bradley*. There, our Supreme Court noted that,

> [i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to

- 9 -

provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," [**Commonwealth v.**] **Hall**, 872 A.2d [1177,] 1182 [(Pa. 2005)]; however, where there are "material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded," [**Commonwealth v.**] **Grant**, 813 A.2d [726,] 740 n.2 [(Pa. 2002)] (Saylor, J., concurring)[, *abrogated by* **Bradley, supra**].

**Bradley**, 261 A.3d at 402 (one internal citation omitted).

Here, not only are we precluded from meaningfully assessing Appellant's claims of ineffectiveness against Attorney Fryling because of the briefing errors by Attorney Hathaway, but the record before us is also insufficient to permit us to dispose of Appellant's ineffectiveness claims against Attorney Fryling. For instance, Appellant alleges that Attorney Fryling erred by not raising certain claims of trial counsel's ineffectiveness, yet we have no explanation from Attorney Fryling for her decisions to forgo those claims. As such, we cannot evaluate the reasonableness of counsel's strategy.

The PCRA court also never addressed the substance of Appellant's ineffectiveness allegations against Attorney Fryling. Although Attorney Hathaway raised the ineffectiveness claims pertaining to Attorney Fryling in his Rule 1925(b) statement, in the PCRA court's responsive, Rule 1925(a) opinion, it did not address the merits of those issues. Instead, the court stated that its rationale for dismissing Appellant's claims was "fully set forth in the Notice of Intent to Dismiss filed September 16, 2021, the Memorandum and Notice of Intent to Dismiss of November 10, 2021, and the Memorandum and Final Order of December 8, 2021." PCRA Court Opinion, 7/12/22, at 4.

However, the only mention of Appellant's ineffectiveness claims regarding Attorney Fryling in any of those previous filings was the court's statement, in its December 8, 2021 memorandum and order dismissing Appellant's petition, that it could not review Appellant's ineffectiveness claims against Attorney Fryling under the rule precluding hybrid representation. *See* Memorandum and Order, 12/8/21, at 2. Thus, the PCRA never addressed the merits of Appellant's challenges to Attorney Fryling's representation.

Accordingly, we conclude that the appropriate relief in this case is to remand, once again, for the appointment of new counsel, and for further development of the record regarding Appellant's ineffectiveness claims pertaining to Attorney Fryling. We also determine that the court's underlying PCRA order must be vacated because the PCRA court might, after assessing Attorney Fryling's effectiveness, determine that relief should be afforded (or further development of the record is required) regarding Appellant's assertions of trial/appellate counsel's ineffectiveness. Consequently, we vacate the PCRA court's order and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2023