J-S29044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUSTIN JOSEPH HANNA | : | |
| | : | |
| Appellant | : | No. 1302 WDA 2024 |

Appeal from the PCRA Order Entered September 20, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000400-2022

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: October 22, 2025**

Appellant, Dustin Joseph Hanna, appeals from the post-conviction court's September 20, 2024 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm the denial of PCRA relief based upon the well-reasoned opinion of the PCRA court.

Appellant was charged in 2022 with several offenses, including possession with the intent to deliver methamphetamine and violations of the Uniform Firearms Act.[1]  Appellant was initially represented by Eric Padin, Esquire, of the Venango County Public Defender's Office.  However, on October 24, 2022, Attorney Padin filed a motion to withdraw as counsel.  The motion

---

[1] Specifically, Appellant was charged with three counts of unlawful possession of a firearm, 18 Pa.C.S. § 6105(a)(1), and one count of possession with the intent to deliver (methamphetamine) (hereinafter, PWID), 35 P.S. § 780-113(a)(30).

was granted on November 15, 2022. On December 2, 2022, Appellant filed a *pro se* motion to suppress. The trial court then re-appointed Attorney Padin to serve as stand-by counsel prior to the hearing on Appellant's suppression motion. Suppression was denied, and Appellant filed a *pro se* motion to reconsider that determination on February 13, 2024, the day before his jury trial was scheduled to begin.

The one-day trial occurred on February 14, 2024. Initially, the trial court denied Appellant's motion to reconsider his suppression claims. After the trial court bifurcated Appellant's charges, Appellant first stood trial on the firearm offenses. The jury convicted Appellant of all three charges. Attorney Padin was re-appointed as counsel to represent Appellant after this trial. Thereafter, on March 17, 2023, Appellant entered a guilty plea to the PWID charge. Appellant was subsequently sentenced to an aggregate term of 15 to 30 years of incarceration. Appellant filed a post-sentence motion to reconsider his sentence, which was denied on April 5, 2023. Appellant did not file a direct appeal.

On April 4, 2024, Appellant filed a *pro se* PCRA petition. Counsel was promptly appointed to represent Appellant, but did not file an amended petition on his behalf. The Commonwealth filed an answer to Appellant's petition, and the PCRA court conducted a hearing on September 13, 2024, addressing Appellant's claim of trial counsel's ineffectiveness for failing to file a direct appeal from his judgment of sentence. On September 20, 2024, the court denied Appellant relief.

Although Appellant was still represented by counsel, he filed a *pro se* notice of appeal to this Court which was docketed on October 25, 2024.[2] On its face, this notice of appeal appears to be untimely filed. Accordingly, this Court directed Appellant to show cause why his appeal should not be quashed as being filed more than 30 days after the order denying him relief. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); **Commonwealth v. Pennybaker**, No. 671 WDA 2019, unpublished memorandum at *5 (Pa. Super. filed Jan. 27, 2020) ("In order to preserve the right to appeal a final order of the [PCRA] court, a notice of appeal must be filed within thirty days of the entry of that order.").[3] Notably, this Court cannot extend the time for the filing of a timely notice of appeal as a matter of grace. **Id.**; **see also** Pa.R.A.P. 105(b). The timeliness of any notice of appeal is a prerequisite to our review: "Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of an appeal … before determining whether it was timely." **Commonwealth v. Willis**, 29 A.3d 393, 395 (Pa. Super. 2011) (citation and quotation marks omitted).

---

[2] We note that, even though hybrid representation is generally prohibited in a criminal case, because a notice of appeal protects the constitutional rights of the criminal defendant, this Court is required to docket a *pro se* notice of appeal despite an appellant's being represented by counsel. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

[3] Non-precedential Superior Court decisions filed after May 1, 2019, may be cited for their persuasive value under Pa.R.A.P. 126(b).

In response to the rule to show cause, counsel informed this Court that, after the September 20, 2024 hearing, she attempted to speak with Appellant about filing an appeal but was unable to schedule a teleconference with him, as the prison failed to respond to her requests. Counsel then sent a letter to Appellant on October 10, 2024, outlining his appellate options. Thereafter, Appellant filed his notice of appeal *pro se*, which the lower court docketed on October 25, 2024. Counsel noted, however, that the notice of appeal has a handwritten date of October 18, 2024, which is within the required 30-day period.[4] By order dated January 3, 2025, this Court discharged the rule to show cause and referred the timeliness issue to the panel for review.

Unfortunately, the certified record does not contain any independent evidence of when Appellant's notice of appeal was mailed. According to our Rules of Appellate Procedure,

> [a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f). Appellant's type-written notice of appeal has two lines which were completed using a pen or pencil — a "signature" line, which is topped by Appellant's signature, and a "date" line, which contains the handwritten

---

[4] "[J]ustice requires the appeal to be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). This is called the "prisoner mailbox" rule. **Id.**

- 4 -

notation of "10/18/24." Notice of Appeal, 10/25/24. Yet Appellant did not provide this Court with a cash slip or other verifiable evidence indicating the date he mailed his notice of appeal or placed it in the hands of prison authorities. In addition, the certified record does not include the envelope in which Appellant mailed his notice of appeal to the lower court. The envelope would have, at a minimum, established when the notice of appeal was received by the post office for mailing.

Accordingly, in an abundance of caution, and because the failure to preserve the envelope appears to be court error, we will apply the prisoner mailbox rule and deem Appellant's notice of appeal to have been filed on the handwritten date included on the notice, October 18, 2024. Thus, we will address the claim Appellant raises on appeal.[5]

Appellant argues the following issue on appeal:

Whether the [PCRA] court abused its discretion in denying [Appellant's] PCRA [petition], despite there being credible evidence that [Appellant] requested trial counsel [to] file an appeal with the Superior Court?

Brief for Appellant at 4.

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial

---

[5] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

level." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court which was tasked with hearing the evidence and assessing witness credibility. ***Johnson***, 289 A.3d at 979.

To be entitled to PCRA relief, a petitioner must establish the applicability of one or more of the enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2). ***Hanible***, 30 A.3d at 438. Here, Appellant raises claims of ineffective assistance of counsel, one of those enumerated claims. 42 Pa.C.S. § 9543(a)(2)(ii). "[W]e begin, as we must, with the presumption that counsel acted effectively." ***Johnson,*** 289 A.3d at 979. To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations omitted). Finally, we note that the PCRA court's credibility determinations are binding on the reviewing court when supported by the record; however, this Court will apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted).

Here, Appellant argues the PCRA court improperly denied his claim for relief about trial counsel's ineffectiveness in failing to file a requested notice

of appeal. Following our review of the record, the parties' briefs, and the analysis by the Honorable Matthew T. Kirtland, President Judge of the Court of Common Pleas of Venango County, in his September 20, 2024 opinion, we affirm on the basis of Judge Kirtland's opinion. **See** PCRA Court Opinion, 9/20/24, at 4-6. Judge Kirtland found that Attorney Padin testified credibly about not being asked to file a direct appeal, and the judge did not believe Appellant's version of events. **Id.** at 5-6. We find no error of law in Judge Kirtland's conclusions, and his credibility determinations are supported by the record. **See Sandusky**, 203 A.3d at 1043-44. Accordingly, we affirm on the basis of Judge Kirtland's opinion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/22/2025