**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLARENCE ROHADES | : | |
| | : | |
| Appellant | : | No. 2273 EDA 2023 |

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406261-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLARENCE ROHADES | : | |
| | : | |
| Appellant | : | No. 2274 EDA 2023 |

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406311-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLARENCE ROHADES | : | |
| | : | |
| Appellant | : | No. 2275 EDA 2023 |

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406331-2004

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 25, 2025**

Clarence Rohades ("Rohades") appeals from the dismissal of his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  For the third time, we are constrained to vacate and remand.

We take the underlying facts and procedural history in this matter from our previous decisions.

> On March 2, 2004, [Rohades] was arrested and charged with offenses stemming from the robberies of several different businesses in Philadelphia.  [Rohades's] cases did not proceed to a jury trial until July 2008.  Following trial, the jury convicted [Rohades] of three counts of robbery, three counts of possessing instruments of crime[,] and one count of simple assault.  Additionally, the trial court convicted [Rohades] of three violations of the Uniform Firearms Act.  The trial court sentenced [Rohades] to an aggregate term of 77½ to 155 years' imprisonment.  A panel of this Court affirmed his judgment of sentence[,] and our Supreme Court denied his subsequent petition for *allocatur*.
>
> On November 17, 2011, [Rohades] filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who later filed an amended petition [challenging trial counsel's failure to file a Rule 600 motion; the petition listed several witnesses who would testify in support of Rohades's claim.[2]  In February 2017, the Commonwealth filed a motion to dismiss the PCRA petition.]  The PCRA court issued notice of its intent to dismiss [Rohades's] petition without a hearing [in March 2017], and ultimately dismissed the petition [in May 2017].

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] The docket does not show when the PCRA court appointed counsel. However, counsel did not file the amended PCRA petition until June 2016.  We are unable to discern any explanation for this over four-year delay in the proceedings.

*Commonwealth v. Rohades*, 2018 WL 3748675, at *1 (Pa. Super. Aug. 8,

2018) (unpublished memorandum) ("*Rohades I*").

On appeal, this Court held it was unable to assess the merits of

Rohades's Rule 600 claim because of the deficient record. *See id*. at *2. We

stated:

> [w]hile the PCRA court concludes in its opinion that the Rule 600 motion is baseless, it fails to undertake *any* analysis of which party occasioned the repeated delays in this case. Our independent review of the docket also fails to illuminate this issue. For instance, the docket indicates many of the delays, but without reference to which party requested them. Therefore, we lack the necessary information to determine if a Rule 600 motion would have been successful.
>
> * * * * *
>
> As such, we are constrained to vacate the PCRA court's order and remand this case to the PCRA court **to conduct an evidentiary hearing. Specifically, we direct the PCRA court to review the docket entries in conjunction with the evidentiary hearing to determine whether [Rohades], the Commonwealth, or the court occasioned the repeated delays. The PCRA court shall then render the necessary findings of fact and conclusions of law with respect to the merits of the underlying Rule 600 claim.** The court shall then reassess the validity of the PCRA petition.

*Id*. (emphasis in original in first paragraph and added in second paragraph).

The PCRA court failed to conduct the hearing we ordered, and in

December 2018, PCRA counsel, Attorney J. Matthew Wolfe ("Attorney Wolfe")

- 3 -

filed a request to withdraw accompanied by a **Turner**/**Finley** letter,[3] instead of presenting evidence at a hearing. The PCRA court then filed a Rule 907 notice and dismissed the PCRA petition in late December 2018. The PCRA court further failed to rule on counsel's motion to withdraw. Despite technically being represented by counsel, Rohades filed a *pro se* notice of appeal and represented himself in this Court.

In October 2020, this Court again vacated and remanded this matter because of the PCRA court's failure to comply with the remand order in **Rohades I**. **See Commonwealth v. Rohades**, 241 A.3d 468 (Pa. Super. 2020) (memorandum at *3) ("**Rohades II**"). In so doing, we stated Attorney Wolfe's filing of a **Turner**/**Finley** letter did not absolve the PCRA court of its responsibility to comply with this Court's directives. **See id**.

In November 2020, Rohades filed a motion for new counsel, relying upon Attorney Wolfe's prior filing of a **Turner**/**Finley** letter.[4] Motion to Replace PCRA Attorney, 11/2/20, at 1 (unnumbered). Although this Court is unable to locate the relevant documents in the certified record, it appears in March 2021, the PCRA court reappointed Attorney Wolfe to represent Rohades. **See** Docket, 3/22/21, entry #249. On September 23, 2021, the PCRA court held

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The original PCRA judge was no longer sitting on the bench and the case was assigned to a new judge in January 2021.

a brief hearing, at which Rohades was not present. After a short discussion of the status of the case, the attorneys explained they had obtained the Quarter Sessions file and believed they had been able to reconstruct the case. *See* N.T., 9/23/21, at 3-4. The PCRA court stated it had also reviewed the file and did not believe Rohades's claim merited relief. *See id*. at 4-5. It concluded:

> [The court is] not going to take the time because it is so voluminous to go over each and every listing in the Court of Common Pleas. It goes back to 2004 to 2009.
>
> * * * * *
>
> So[, the court] did go through each and every [c]ourt of [s]essions [*sic*] listing and [the court] did the math, so to speak. And [the court does] not believe there is a meritorious claim.
>
> * * * * *
>
> [The court is] not going to do it on the record. [The court] will write a written submission of findings of fact and conclusions of law. [The court] will probably delineate each and every day with the time calculations and why there is no merit. [The court] will do that and send copies to both [counsel]. [The court does] not know if [the court] necessarily ha[s] to put the findings of fact and conclusions of law on the record, as long as [the court does] a written submission. And [the court] shall do that for both of you. . . . [The court] is going to dismiss this matter.

N.T., 9/23/21, at 5-6.

Despite its declared intention, the PCRA court did not write an opinion or dismiss the matter. It took no action for nearly one year, when the court held a second hearing, again outside the presence of Rohades, on August 2, 2022.

The PCRA court did not recall what took place at the previous hearing. *See* N.T., 8/2/22, at 5-8. However, the court did go through each pretrial date in the underlying action on the record. *See id*. at 9-19. The court acknowledged there were several times where it was unable to determine the basis for the continuance; despite this, it attributed those delays to the defense. *See id*. at 12-14. Attorney Wolfe failed to object to any of this time being attributed to the defense.

On August 16, 2023, a brief hearing took place with Rohades present. The PCRA court stated:

> So[, the court] had already adjudicated your matter.[5] There was no obligation for [the court] to bring [you] down especially in Pennsylvania where it's so difficult to transport people and we waste hundreds of hours trying to get people in[.]

*Id*. at 4-5. The court then permitted Attorney Wolfe to withdraw as counsel. The court denied the PCRA petition and appointed Attorney Gina Amoriello ("Attorney Amoriello") to represent Rohades. This appeal followed.[6]

On appeal, Rohades raises a single question for our review:

I.      Did the PCRA court err in not finding trial counsel ineffective for failing to file a Rule 600 motion where the available record reflects that the Commonwealth was not duly diligent in bringing [Rohades's] case to trial.

Rohades's Brief at 4 (capitalization regularized).

---

[5] It is not clear what the court meant by this as the petition had not yet been dismissed.

[6] Rohades and the PCRA court complied with Pa.R.A.P. 1925.

J-S37040-24

Rohades asserts trial counsel was ineffective for failing to file a Rule 600 motion. We review ineffectiveness claims under the following standard:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Further, a "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016) (internal citations omitted).

> With respect to claims in ineffective assistance of counsel,
>
> counsel is presumed to have been effective and [] the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (internal citations omitted). "Counsel cannot be found ineffective for failing to pursue

a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted).

Prior to addressing the merits of Rohades's claim, we must first determine whether the PCRA court complied with our remand. The applicable Rule of Appellate Procedure provides:

> **(a) General rule.** On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.
>
> **(b) Enforcement of appellate court orders.** At any time, upon its own motion or upon application, an appellate court may issue any appropriate order requiring obedience to or otherwise enforcing its judgment or other order.

Pa.R.A.P. 2591. The Supreme Court has stated, "it has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." ***Commonwealth v. Sepulveda***, 144 A.3d 1270, 1280 n. 19 (Pa. 2016). "A trial court has an obligation to comply scrupulously, meticulously, and completely with an order of the [appellate court] remanding a case to the trial court." ***Commonwealth v. Williams***, 877 A.2d 471, 474 (Pa. Super. 2005) (citation omitted). "It is well-settled that following remand, the trial court must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, ***or in any measure disturb or depart from this Court's decision as to any matter decided on appeal***." ***Commonwealth v. McCauley***, 199 A.3d 947, 949 n. 4 (Pa. Super. 2018) (citation omitted, emphasis added).

- 8 -

Here, as noted above, in **Rohades I**, this Court remanded the matter for an evidentiary hearing on Rohades's claim that trial counsel was ineffective for not filing a Rule 600 motion. That hearing never took place. In **Rohades II**, *mistakenly believing that an evidentiary hearing had taken place*, this Court remanded for findings of fact and conclusions of law based upon the record developed at that hearing. **See Rohades II**, 241 A.3d at *3. Upon this second remand, the PCRA court again failed to hold an evidentiary hearing, and, instead, at a proceeding at which Rohades was not present, simply attributed most of the delays to Rohades, even where the record did not show who was responsible for the delay. **See** N.T., 8/2/22, at 12-14. The PCRA court then issued a Rule 1925(b) opinion that did not contain detailed findings of fact and conclusions of law to support its conclusion a Rule 600 motion would not have succeeded. **See** PCRA Court Opinion, 4/10/24, at 1-5. Thus, the PCRA court did not "scrupulously, meticulously, and completely" comply with either of our remand orders. **Williams**, 874 A.2d at 474-75.

Moreover, we are disturbed by the reappointment of Attorney Wolfe in this case and Attorney Wolfe's subsequent failure to provide meaningful representation to Rohades. We have stated when an indigent, first-time PCRA petition is denied the right to counsel, this Court "*is required* to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (emphasis added). "[T]he right to counsel conferred on initial PCRA review

- 9 -

means 'an enforceable right' to the **effective assistance** of counsel." **See**

**Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) (emphasis added).

The Pennsylvania Supreme Court has stated:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

**Commonwealth v. Kenney**, 732 A.2d 1161, 1164 (Pa. 1999); **see also**

**Commonwealth v. Cox**, 204 A.3d 371, 390 (Pa. 2019) (affirming **Kenney**

for the proposition that "remand for appointment of counsel is an appropriate

remedy when the right to appointment [of] counsel has been effectively

denied"). "**[D]ue process requires that the post[-]conviction process**

**be fundamentally fair. . . . Thus, petitioners must be given the**

**opportunity for the presentation of claims at a meaningful time and in**

**a meaningful manner**." **Commonwealth v. Bennett**, 930 A.2d 1264, 1273

(Pa. 2007) (emphasis added). The **Bennett** court explained, "In this same

vein, while the performance of PCRA counsel is not necessarily scrutinized

under the Sixth Amendment, the performance of counsel must comply with

some minimum norms, which would include not abandoning a client . . . ."

**Id.** at 1274.

Here, Attorney Wolfe, despite this Court's explicit directive in **Rohades**

**I** that the PCRA court hold an evidentiary hearing, filed a no-merit letter and

motion to withdraw. Attorney Wolfe's actions led directly to the PCRA court's first failure to comply with our remand. Moreover, although it appears the PCRA court never ruled on Attorney Wolfe's motion to withdraw, Attorney Wolfe abandoned Rohades on appeal in **Rohades II**. Despite this, and despite Rohades specifically requesting the appointment of new counsel on remand, the PCRA court reappointed Attorney Wolfe. This was error. **See Commonwealth v. Willis**, 29 A.3d 393, 398-99 (Pa. Super. 2011) (holding PCRA court erred in not appointing new PCRA counsel for petitioner where current counsel argued against petitioner's interests at an evidentiary hearing).

Our conclusion in this regard is buttressed by our review of the remand record. Attorney Wolfe did not take any actions to seek an evidentiary hearing despite listing several witnesses in the amended PCRA petition who would support Rohades's position, did not ensure Rohades was present for the proceedings, and made no objection or argument when the PCRA court attributed without any explanation at least three continuances to Rohades despite the court's acknowledgment it was unable to discern from the record the reason for the delays. We conclude Attorney Wolfe effectively abandoned Rohades on remand, denying him his right to counsel on a first PCRA petition. **See id**. Thus, we are constrained to vacate the denial of PCRA relief for this reason as well.

Accordingly, for the reasons discussed above, we vacate the denial the of PCRA relief and remand. We direct the PCRA court, yet again, to hold an evidentiary hearing within sixty days of the date of this order, in accordance with this Court's initial remand order, Rohades shall be present for this hearing, shall be represented by current counsel, and shall be permitted to call witnesses. The PCRA court shall, within thirty days of the date of the evidentiary hearing, issue a written opinion containing explicit, detailed findings of fact and conclusions of law regarding each of the continuances in the underlying action to determine Rohades's assertion the trial counsel was ineffective for failing to file a R. 600 motion pre-trial.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2025